IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02545-BNB

ROBERT EUGENE VALCIK,

    Plaintiff,

v.

DAVID LEE SHAKES, and
ARISTIDES W. ZAVAREZ

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 4 2009

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff Robert Eugene Valcik currently is incarcerated at the El Paso County Jail in Colorado Springs, Colorado. He has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court must construe the Complaint liberally because Mr. Valcik is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint.

Mr. Valcik sets forth three claims. In Claims One and Two, he asserts that he has been subjected to an illegal conviction and sentence. In Claim Three, Plaintiff asserts that a jail employee refuses to provide him with a copy of his "CCIC" so that he may submit the copy to the Court in support of his assertions in Claims One and Two. Mr. Valcik contends that the jail employee is intentionally hindering a court proceeding

by not providing him with a copy of his CCIC and has committed a federal crime. Plaintiff seeks money damages and dismissal of his state criminal conviction at issue in this action.

To the extent that Plaintiff is attempting to seek habeas relief for an alleged wrongful conviction, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1).

Even if Plaintiff's claims regarding the validity of his conviction and sentence were found to have merit, he may not challenge the validity of his conviction in this action for money damages pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Id.* at 486-87.

A judgment in favor of Mr. Valcik, in this action, necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated his conviction. Mr. Valcik does not allege an invalidation of his conviction or sentence nor is there an indication in the Complaint that he was granted one. Any claims challenging Plaintiff's criminal state court proceedings would be barred by *Heck*.

2

Plaintiff's claims also suffer from another deficiency. Defendant Judge David Lee Shakes is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Shakes' conviction and sentencing of Plaintiff are actions taken in his judicial capacity. Judge Shake was not acting in the clear absence of all jurisdiction. Therefore, the claims Plaintiff asserts against Judge Shake are barred by absolute judicial immunity.

Nonetheless, Plaintiff's claims for damages are barred by *Heck* and will be dismissed without prejudice under *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

As for Claim Three, 28 U.S.C. § 1983 does not provide for prosecution of a state employee for an alleged federal crime. To the extent in Claim Three, however, that Mr. Valcik is attempting to assert a denial of access to the courts claim, he must plead and prove he was actually impeded in his ability to conduct a particular case. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353.

3

In *Casey*, the Supreme Court cites two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Casey*, 518 U.S. at 351. Another example of hindering an inmate's efforts would be when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.* Neither of the examples set forth in *Casey* are at issue in this case. Claim Three will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the Complaint and Action are dismissed. It is

FURTHER ORDERED that Claims One and Two are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and are dismissed without prejudice. It is

FURTHER ORDERED that Claim Three is legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and is dismissed with prejudice.

DATED at Denver, Colorado, this 14 day of January, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02545-BNB

Robert Eugene Valcik
Prisoner No. A00164643
El Paso County Jail
2739 East Las Vegas Street
Colorado Springs, CO 80906

Robert Eugene Valcik
Prisoner No. 123780
Fremont Correctional Facility
P.O. Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/14/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk